**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**WAYNE BRYANT,
      Petitioner,**

**v.                                                          Case No.  5:08cv45/RS/MD**

**WALTER A. MCNEIL,
      Respondent.**
_____

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondent has filed a response seeking dismissal of the petition as time barred, providing relevant portions of the state court record.  (Doc. 24).  Petitioner has filed a response.  (Doc. 27).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

On July 26, 2004 petitioner entered a counseled guilty plea to charges of Trafficking in Cocaine, Driving Under the Influence, and Grand Theft, in the Circuit Court of Jackson County, Florida, case numbers 03-687 and 03-646.  (Doc. 24, Ex. A, pp. 220-21; 269-76; *see also* Doc. 1, p. 1).[1]  The court adjudicated him guilty on all

---

[1]Hereafter, all references to exhibits will be to those provided at Doc. 24, unless otherwise noted.

counts and sentenced him to eight years imprisonment on the trafficking charge, time served on the DUI charge, and one year and one day imprisonment on the theft charge to run concurrently with the eight-year sentence. (Ex. A, p. 274). Petitioner did not appeal his convictions and sentences. (Doc. 1, p. 17).[2]

On August 24, 2005 petitioner filed a motion for post-conviction relief pursuant to Florida Rules of Criminal Procedure 3.850. (Ex. A, pp. 1-15). The motion was denied on January 17, 2007. (*Id.*, pp. 210-76). The Florida First District Court of Appeal ("First DCA") affirmed the denial order without written opinion on October 19, 2007. *Bryant v. State*, 967 So.2d 200 (Fla. 1st DCA 2007) (Table) (copy at Ex. D). Petitioner's motion for rehearing (ex. E) was denied on October 25, 2007. (Ex. F). The mandate issued on November 13, 2007. (Ex. G; *see also* Doc. 1, p. 18; Doc. 27, p. 2).

Petitioner filed the instant habeas corpus petition on February 11, 2008. (Doc. 1, p. 58).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[2] References to page numbers of the petition are as they appear on the electronic docket.

**recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**

**(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

§ 2244(d)(1).  According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

The petitioner here has not asserted that a government-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final.  Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Because petitioner did not appeal his judgment of conviction and sentence, his conviction became final for purposes of § 2244(d)(1)(A) on August 25, 2004, which is thirty days after rendition of the judgment.[3]  *See* FLA. R. APP. P. 9.110(b); *Walk v. State*, 707 So.2d 933 (Fla. Dist. Ct. App. 1998) (holding that if "a conviction and sentence are not appealed, they become final 30 days after they are entered."); *Gust v. State*, 535 So.2d 642 (Fla. Dist. Ct. App. 1988) (holding that if defendant does not appeal the conviction or sentence, judgment of conviction and sentence become final when the 30-day period for filing appeal expires).  Thus, the federal habeas statute of limitations began to run on that date.

The limitations period ran for 362 days until August 24, 2005, when petitioner filed his Rule 3.850 motion in state court.  That motion was pending (and tolled the limitations period) from August 24, 2005 (the date is was filed) until November 13, 2007 (the date the First DCA issued the mandate on petitioner's appeal of the order

---

[3]Since petitioner failed to undertake the direct appeal process, he was not entitled to petition the Supreme Court of the United States for a writ of certiorari and was not entitled to the 90-day period for filing that petition.  *See Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006); *see also Buzbee v. Crosby*, 2007 WL 419550, at *1 n. 3 (N.D. Fla. Feb. 1, 2007) (noting that Florida petitioner who was convicted pursuant to no contest plea and who did not file a direct appeal, was not entitled to 90-day period).

denying relief).[4]  The limitations clock began to run once more on November 14, 2007 and expired 5 days later on November 19, 2007.[5]  As the petition in this case was not filed until February 11, 2008, it is untimely.

Petitioner asserts he is entitled to equitable tolling.  The Supreme Court of the United States has not squarely addressed the question whether equitable tolling applies to AEDPA's statute of limitations, but has assumed that it does where the parties agree it is available.  *See Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n. 8, 125 S.Ct. 1807, 1814 n. 8, 161 L.Ed.2d 669 (2005). In order for equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Lawrence*, 127 S.Ct. at 1085 (quotation marks and citation omitted).  If the petitioner fails to establish both an extraordinary circumstance <u>and</u> diligence, then equitable tolling is not available.  *Diaz v. Secretary for Dep't. of Corrections*, 362 F.3d 698, 702 (11th Cir. 2004). The Eleventh Circuit has emphasized that "[e]ach case turns on its own facts," *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002), and that "[e]quitable tolling is an extraordinary remedy that must be applied sparingly" for "[a] truly extreme case."  *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008) (per curium).

In support of his argument for equitable tolling, petitioner asserts that from November of 2006 until April of 2008, he was confined in the Bay Correctional facility which had inadequate federal authorities in its law library. (Doc. 27).  As a result, petitioner was required to use the facility's inter-library loan program which meant that he experienced a 5-6 week delay in receiving a response to his research request(s).  Additionally, the cases petitioner received in response to his request for

---

[4]*See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" state postconviction petition is "pending" under Florida procedure -- and consequently tolls the limitations period -- until the appellate court's issuance of the mandate on appeal).

[5]Technically, the limitations period expired 3 days later on November 17, 2007.  However, because that day was a Saturday, petitioner had until the following Monday, November 19, 2007, in which to file his federal habeas petition.  Fed. R. Civ. P. 6(a)(3).

materials relating to the statute of limitations caused him to believe that he was entitled to the extra 90 days for seeking certiorari review in the Supreme Court.[6] Petitioner states that these conditions present extraordinary circumstances that prevented him from timely filing his federal habeas petition.

Petitioner's allegations do not establish entitlement to equitable tolling. Petitioner's limitations period began to run on August 25, 2004. His alleged lack of access to an adequate law library did not occur until November of 2006, over two years later. There is no record evidence that during the two-year period preceding his transfer to Bay Correctional facility, petitioner diligently attempted to determine the applicable limitations period. Thus, absent the alleged one year of inaccessibility to an adequate law library, petitioner still had ample time in which to ascertain his limitations deadline and prepare his habeas petition. *See Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000) (rejecting a claim of equitable tolling where petitioner claimed that two prison lockdowns prevented him from using the prison library for a six-month period, because even absent the six-month period of inaccessibility, the petitioner still had four years to prepare and file his habeas motion, and he had access to the library during these four years); *see also Bell v. Secretary, Dep't of Corrections*, 248 Fed. Appx. 101 (11th Cir. 2007) (rejecting a claim of equitable tolling where petitioner claimed that he was denied access to the law library, because the record showed that petitioner did not formally request access to the law library until eleven months <u>after</u> the limitations period had expired, and there was no record evidence that <u>before</u> the limitations expired the petitioner

---

[6]Petitioner states he was provided with the following cases: *Pugh v. Smith*, 465 F.3d 1295 (11th Cir. 2006) (holding that because habeas petitioner could have sought review of Georgia Court of Appeal's affirmance of his convictions by filing a petition in the Georgia Supreme Court within 10 days of the affirmance, but he did not, he was not entitled to seek review in the United States Supreme Court, and his convictions became "final" for purposes of § 2244(d)(1)(A), 10 days after the Georgia Court of Appeals affirmed the convictions, rather than 90 days after the affirmance); *Nix v. Secretary, Dep't of Corrections*, 393 F.3d 1235 (11th Cir. 2004) (holding that state prisoner's conviction became "final," for purpose of § 2244(d)(1)(A), on the date the 90-day period for seeking certiorari review with the Supreme Court expired, even though the petitioner did not filed such a petition); and *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (holding that the conviction of a Florida prisoner, who was entitled to seek review in the Supreme Court of Florida, became final 90 days after that court denied his motion for rehearing).

Case No: 5:08cv45/RS/MD

diligently attempted to determine the applicable limitations period).[7] Petitioner has failed to establish that the Bay Correctional facility's inadequate law library was an extraordinary circumstance that prevented him from timely filing his § 2254 petition despite his due diligence.

## CONCLUSION

The instant petition for writ of habeas corpus is untimely. The record does not support application of the equitable tolling doctrine or any other exception to the limitations period. Therefore, the petition should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1) challenging the convictions and sentences in *State of Florida v. Wayne L. Bryant*, in the Circuit Court of Jackson County, Florida, case numbers 03-687 and 03-646, be DISMISSED WITH PREJUDICE.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 1st day of December, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[7] The undersigned cites *Bell* only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.